Abrams, R.

USDC-SDNY

DOCUMENT

ELECTRONICALLY FILED

APR 2 7 2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JONATHAN RAUL, Derivatively on Behalf of
Nominal Defendant GLOBAL BROKERAGE,
INC.,

                Plaintiff,

v.

DAVID SAKHAI, JAMES G. BROWN, ROBIN
DAVIS, KENNETH GROSSMAN, ARTHUR
GRUEN, ERIC LEGOFF, BRYAN I.
REYHANI, RYAN SILVERMAN, EDUARD
YUSUPOV, WILLIAM AHDOUT, DROR NIV
and ROBERT LANDE,

                Defendants,

and

GLOBAL BROKERAGE, INC.,

                Nominal Defendant.

Case No. 1:17-cv-02035 (RA)

---

## STIPULATION AND ~~PROPOSED~~ ORDER FOR
## STAY OF LITIGATION AND RELATED MATTERS

      Plaintiff Jonathan Raul ("Plaintiff") and Defendants David Sakhai, James G. Brown,

Robin Davis, Kenneth Grossman, Arthur Gruen, Eric LeGoff, Bryan I. Reyhani, Ryan

Silverman, Eduard Yusupov, William Ahdout, Dror Niv and Robert Lande (collectively,

"Defendants"), by and their respective counsel of record, hereby stipulate and move the Court for

an order staying the above-captioned litigation. It is hereby stipulated and agreed by and

between the parties, through their respective counsel of record, that:

      1.     The above-captioned case was filed by Plaintiff on or about March 21, 2017,

alleging violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act")

and Rule 14a-9 promulgated thereunder against all Defendants (the "Federal Derivative Action").

2.      All Defendants have agreed to waive service pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3.      The Federal Derivative Action is related to four shareholder security class actions pending in the United States District Court for the Southern District of New York styled: (i) *Khoury v. FXCM Inc. et al.*, No. 1:17-cv-916 (RA); (ii) *Zhao v. FXCM Inc. et al.*, No. 1:17-cv-955 (RA); (iii) *Blinn v. FXCM Inc. et al.*, No. 1:17-cv-1028 (RA); and (iv) *683 Capital Partners, LP v. Global Brokerage, Inc. F/K/A FXCM Inc. et al.*, No. 1:17-cv-2506 (UA) (collectively, the "Related Securities Class Actions").

4.      On April 10, 2017, several plaintiffs filed motions in the Related Securities Class Actions, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), to consolidate the Related Securities Class Actions and for appointment of lead plaintiff and lead counsel.

5.      In the interest of judicial economy, the parties in the Federal Derivative Action have agreed that all proceedings and deadlines in the Federal Derivative Action should be stayed pending the earlier of (i) the close of discovery in the Related Securities Class Actions, or (ii) the deadline for appealing a dismissal of the Related Securities Class Actions with prejudice, including any requirement that Defendants move, answer, or otherwise respond to the Complaint [ECF No. 1].

6.      Defendants hereby affirmatively preserve all defenses and objections to the Federal Derivative Action, including, among others, the failure of Plaintiff to make a pre-suit

demand on Global Brokerage, Inc.'s ("Global Brokerage" or the "Company") Board of Directors (the "Board").

7.    The parties agree that any challenges to the Plaintiff's allegations that demand on the Board is or was futile will be determined based on the composition of the Board as of the time of the filing of the Complaint.

8.    Within thirty (30) days after the earlier of the close of discovery in the Related Securities Class Actions, or the deadline for appealing a dismissal of the Related Securities Class Actions with prejudice, the parties in the New York Federal Derivative Action shall meet and confer regarding future case scheduling and will submit an update on the status of the case or a propose scheduling stipulation for this Court's review and approval.

9.    If discovery proceeds in the Related Securities Actions or any other related shareholder derivative action, Defendants shall make available to Plaintiff, subject to entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses to discovery requests produced by Defendants in the Related Securities Action to the Related Securities Actions plaintiffs or any other related derivative plaintiffs in the form and manner in which such documents are produced to the Related Securities Actions plaintiffs or any other related derivative plaintiffs; (ii) all written agreements regarding the scope of discovery to be produced by Defendants in the Related Securities Actions or any other related derivative actions; and (iii) all deposition transcripts in the Related Securities Actions or any other related derivative actions. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set forth in this paragraph to Plaintiff within thirty (30) days of providing

them to the Related Securities Actions plaintiffs or any other related derivative plaintiffs in the case of (i) and (ii) and within thirty (30) days of receiving the final transcript in the case of (iii).

10. With regard to transcripts of depositions taken in the Securities Class Action, Global Brokerage shall provide Plaintiff with court reporter contact information within five (5) business days of any deposition so that Plaintiff may request copies of deposition transcripts. Global Brokerage will not oppose such requests for transcripts (or portions thereof) that have been designated as confidential by Global Brokerage under any confidentiality agreement or order governing the documents produced in the Securities Class Action.

11. Notwithstanding the stipulated stay, Plaintiff shall be permitted to file an amended complaint prior to the receipt of any discovery pursuant to paragraph 9 above. Defendants shall be under no obligation to respond to any complaint while the stay is in effect. Defendants shall not be obligated to respond to the complaints filed in the Federal Derivative Action until a scheduling stipulation has been entered by the Court pursuant to paragraph 8 above after the stay has been lifted. Defendants reserve all of their defenses to the claims asserted by Plaintiff, and the stay shall not be, and shall not be deemed, a waiver of any of Defendants' defenses.

12. Any party shall have the right to lift the stay of this action by providing written notice (the "Notice") to the other parties. After receiving the Notice, the other parties shall have thirty (30) days to move the Court for a stay of the action. If no motion to stay the action is filed within that time period, the parties in the Federal Derivative Action shall meet and confer regarding a scheduling stipulation as set forth in paragraph 8 above and the terms set forth in paragraph 11 above regarding Defendants' time to respond to the complaint filed in the Federal Derivative Action shall control. If Plaintiff is the party providing the Notice, Defendants' obligations pursuant to paragraph 9 above shall cease upon Defendants' receipt of the Notice.

13.     Counsel for Plaintiff in the Federal Derivative Action will be provided reasonable notice of any mediation for purposes of settlement that might be held in the Related Securities Class Actions or any related shareholder derivative action and Plaintiff will be provided the opportunity to participate in such mediation.

14.     All shareholder derivative actions on behalf of Global Brokerage filed in or transferred to this Court that involve questions of law or fact similar to those contained in the Federal Derivative Action shall be automatically consolidated with and into the Federal Derivative Action and the instant Order shall apply.  Counsel for Plaintiff shall serve as lead counsel in the Federal Derivative Action.

For the foregoing reasons, the parties respectfully request that the Court stay this litigation and all proceedings and deadlines pending the earlier of (i) the close of discovery in the Related Securities Class Actions, or (ii) the deadline for appealing a dismissal of the Related Securities Class Actions with prejudice.

This __th day of April, 2017.

**IT IS SO STIPULATED.**

**LIFSHITZ & MILLER LLP**

KING & SPALDING

_____

Joshua M. Lifshitz
Email: jml@jlclasslaw.com
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

Israel Dahan
Email: idahan@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone: 212-556-2114
Facsimile: 212-556-2222

**Counsel for Plaintiff Raul**

**Counsel for Defendants**

\*        \*        \*

13.     Counsel for Plaintiff in the Federal Derivative Action will be provided reasonable notice of any mediation for purposes of settlement that might be held in the Related Securities Class Actions or any related shareholder derivative action and Plaintiff will be provided the opportunity to participate in such mediation.

14.     All shareholder derivative actions on behalf of Global Brokerage filed in or transferred to this Court that involve questions of law or fact similar to those contained in the Federal Derivative Action shall be automatically consolidated with and into the Federal Derivative Action and the instant Order shall apply.  Counsel for Plaintiff shall serve as lead counsel in the Federal Derivative Action.

For the foregoing reasons, the parties respectfully request that the Court stay this litigation and all proceedings and deadlines pending the earlier of (i) the close of discovery in the Related Securities Class Actions, or (ii) the deadline for appealing a dismissal of the Related Securities Class Actions with prejudice.

This 26th day of April, 2017.

**IT IS SO STIPULATED.**

**LIFSHITZ & MILLER LLP**

Joshua M. Lifshitz
Email: jml@jlclasslaw.com
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

**Counsel for Plaintiff Raul**

**KING & SPALDING**

Israel Dahan
Email: idahan@kslaw.com
1185 Avenue of the Americas
New York, NY 10036
Telephone: 212-556-2114
Facsimile: 212-556-2222

**Counsel for Defendants**

\*        \*        \*

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

DATED: __April 27_____, 2017        _____

                                          HONORABLE RONNIE ABRAMS
                                          UNITED STATES DISTRICT COURT JUDGE