UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN RAUL, Derivatively on Behalf of Nominal Defendant Global Brokerage, Inc.,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAVID SAKHAI, et al.,<br><br>                                    Defendants. | Civil Action No. 1:17-cv-02035-RA |

## SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY

**PLEASE TAKE NOTICE** that on December 11, 2017, a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") was filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), by Nominal Defendant Global Brokerage, Inc. (the "Debtor") in the following case: *In re Global Brokerage, Inc.*, Case No. 17-13532-MEW (S.D.N.Y.). The Debtor's Notice of Chapter 11 Bankruptcy Case is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Section 362 of the Bankruptcy Code, the filing of a bankruptcy petition automatically stays *inter alia*:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . [and] any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1), (6).

Accordingly, all claims against Nominal Defendant Global Brokerage, Inc., and all derivative claims brought by Jonathan Raul (the "Derivative Plaintiff") on behalf of the Debtor

against the Defendants, are stayed.  The derivative claims that the Derivative Plaintiff asserts are now property of the Debtor's estate pursuant to 11 U.S.C. § 541(a)(1) and the right to assert such claims vests exclusively in the Debtor.  *See* 11 U.S.C. § 541(a)(1) ("Such estate is comprised of .°. . . all legal or equitable interests of the debtor in property as of the commencement of the case."); *In re Soundview Elite Ltd.*, 565 B.R. 534, 544 (Bankr. S.D.N.Y. 2017) ("One type of general claim which only a debtor has standing to pursue is a 'derivative claim.'"); *In re WorldCom, Inc.*, 323 B.R. 844, 857 (Bankr. S.D.N.Y. 2005) (finding that a derivative action is property of the estate and could only be brought by the debtor); *In re RNI Wind Down Corp.*, 348 B.R. 286, 293 (Bankr. D. Del. 2006) ("Upon the filing of a bankruptcy petition, however, any claims for injury to the debtor from actionable wrongs committed by the debtor's officers and director become property of the estate under 11 U.S.C. § 541 and the right to bring a derivative action asserting such claims vests exclusively to the trustee.").  For this reason, the Derivative Plaintiff may take no action in furtherance of his claims against the Defendants while the automatic stay is in effect.

| | |
|---|---|
| Dated:  New York, New York<br>          December 14, 2017 | KING & SPALDING LLP<br><br>*/s/ Israel Dahan*_____<br>Israel Dahan<br>1185 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 556-2100<br>Fax: (212) 556-2222<br><br>*Attorney for Defendants David Sakhai, James Brown, Robin Davis, Kenneth Grossman, Arthur Gruen, Eric LeGoff, Bryan Reyhani, Ryan Silverman, Eduard Yusupov, William Ahdout, Dror Niv, and Robert Lande* |